Kern, Appellant, v. Arnold.

Argued March 8, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William B. Anstine, Jr.,* with him *Anstine & Anstine,* for appellant.

*Robert M. Strickler,* with him *Markowitz, Kagen & Griffith,* for appellees.

OPINION PER CURIAM, May 20, 1971:
Order affirmed.

———

DISSENTING OPINION BY MONTGOMERY, J.:

I respectfully dissent from the order affirming the lower court's refusal to grant a new trial to the plaintiff-appellant in this automobile accident case for the reason that I believe that the lower court committed fundamental error in submitting the question of the plaintiff's contributory negligence to the jury, which returned a verdict for the defendant-appellee.

It is my opinion that there is no evidence in the record upon which an inference of contributory negligence could be based in this case. This accident happened at about 6:40 a.m. on November 8, 1968, on Route 216, a two-lane paved highway, two miles north of Glen Rock, York County, Pennsylvania. Judy Ann Kern, plaintiff, operating a gray 1965 Volkswagen, was traveling east; she was driving between 35 and 40 miles per hour in a 55 mile speed zone. Mrs. Dennis Arnold, the defendant, was operating a Chevrolet station wagon southwardly on a private road which intersected Route 216. The impact occurred entirely within the eastbound lane of travel on Route 216. There was a dispute in the testimony about whether the Volkswagen's headlights were on. Mrs. Arnold testified that the Volkswagen's headlights were not illuminated at the time of the accident and that her Chevrolet's lights were turned on. Although she testified that headlights were required at that hour in the morning, there was insufficient evidence in the record to support that conclusion. There was testimony that the weather was hazy and it was drizzling and the pavement was wet, but there was no evidence presented to show the extent of visibility under these conditions. In fact, any other necessity for headlights was negated by Mrs. Arnold's

own testimony on direct examination as follows: "Q. You indicated that when you got to Route 216, you did look to your left and to your right, you waited, then you looked to your right, you couldn't see anything. How far could you see onto Route 216? A. There's a curve up the road but you can see clear up to that curve." Mrs. Arnold was clearly referring to the curve in the road from which Miss Kern's car had to come. Her failure to see the Volkswagen remains unexplained in this record. However, it is my opinion that the record will not support the inference that her failure to see the Volkswagen was proximately caused by the condition of the weather, lack of sunlight, or that plaintiff did not have the headlights of her automobile turned on.

This is not an intersection case, and I believe the court clearly erred when it charged, "Now, I mentioned, ladies and gentlemen, that this accident happened at an intersection and I want to explain to you the various duties that the drivers had at the intersection. Each driver must be vigilant and must exercise a high degree of care, must have his car under control and must look and see what is visible as he or she approaches and negotiates the crossing. Each driver at an intersection has a duty with the other of observing this high degree of care." By this charge, the court placed a greater standard of care on the plaintiff than the facts required. The accident happened on a through highway and the defendant's automobile came from a private lane which had a small garage obscuring it from the view of the approaching plaintiff. The Vehicle Code, Act of April 29, 1959, P. L. 58, §1014, 75 P.S. §1014(a), provides, "The driver of a vehicle entering a highway from a private road or drive shall yield the right of way to all vehicles approaching on such highway." This, the defendant failed to do, but

drove recklessly into the side of the plaintiff's car, which had been approaching at a normal speed in plain view, as explained above.

I think that no inference of plaintiff's negligence in this case could be drawn by the jury even if they believed that plaintiff was not using her headlights, and that it was error to submit that question to the jury. Therefore, I believe that plaintiff-appellant is entitled to a new trial.